

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR - 2 2012

CLERK, U.S. DISTRICT COURT
by_____
               Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD MORENO GOMEZ,               §
                                    §
            Petitioner,             §
                                    §
v.                                  §        No. 4:11-CV-685-A
                                    §
RICK THALER, Director,              §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
            Respondent.             §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Richard Moreno Gomez, a state

prisoner currently serving a 20-year sentence on his conviction

for assault of a family member in the 355th District Court of

Hood County, Texas, against Rick Thaler, Director of the Texas

Department of Criminal Justice, Correctional Institutions

Division, respondent.  After having considered the pleadings,

state court records, and relief sought by applicant, the court

has concluded that the petition should be denied.

I.   Factual and Procedural History

In 2008 petitioner was charged by indictment with assaulting

Lori Boon, his girlfriend, with whom he lived for approximately

one year in Granbury, Texas.    (State Habeas R. at 29-30; RR, vol.

3, at 94-96)    The indictment also included an allegation that

petitioner had been previously convicted of assault-family

violence against a member of his household or a person with whom

he had a dating relationship in Hood County in 2006, elevating

the primary offense to a third-degree felony, and a sentencing-

enhancement paragraph alleging he had been previously convicted

of the felony offense of aggravated assault with a deadly weapon

in Hood County in 1991.    (State Habeas R. at 29-30)

On March 25, 2009, a jury found petitioner guilty of the

offense as charged in the indictment, petitioner pleaded true to

the sentencing-enhancement paragraph, and the trial court

assessed his punishment at 20 years' confinement. (*Id.* at 65-66)

Petitioner appealed his conviction, but the Second District Court

of Appeals of Texas affirmed the trial court's judgment, and the

Texas Court of Criminal Appeals refused petitioner's petition for

discretionary review.    (Pet. at 3)    *Gomez v. State*, No. 2-09-086-

CR, slip op., 2010 WL 1730832 (Tex. App.-Fort Worth Apr. 29,

2010) (not designated for publication).    Petitioner also filed a

state application for writ of habeas corpus challenging his

conviction, which the Texas Court of Criminal Appeals denied

without written order.    (State Habeas R. at cover) This federal

petition was filed in the Dallas Division and transferred to this court.

## II.   Issues

In one ground, petitioner claims the evidence was legally insufficient to support the finding that he had been previously convicted of assault-family violence in 2006, as was required to enhance his current conviction to a third-degree felony.   (Pet. at 6; Pet'r Mem. at 1-4)

## III.   Rule 5 Statement

Respondent believes that petitioner has exhausted his state court remedies as to his claim and that the petition is neither untimely nor subject to the successive-petition bar.   (Resp't Ans. at 3-4)   28 U.S.C. §§ 2241(b),(d), 2254(b).

## IV.   Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision

3

that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.   28 U.S.C. § 2254(d).   A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).   A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.   *Hill*, 210 F.3d at 485.   Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.   28 U.S.C. § 2254(e)(1).   This presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact.   *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The petitioner has the

4

burden of rebutting the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption.   *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).   Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition.   *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

### Sufficiency of the Evidence

At the guilt/innocence phase of petitioner's trial, the state introduced, during the testimony of one of the responding police officers, certified copies of the complaint, criminal information, the "Plea Memorandum and Admonishments," and the

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d).   *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

"Order of Deferred Adjudication Placement on Community

Supervision" pertaining to petitioner's prior 2006 conviction for

assault-family violence.   (RR, vol. 3, at 56-64 & vol. 4, Ex. 8)

The information in that case alleged that, on or about August 6,

2005, petitioner "did then and there intentionally and knowingly

cause bodily injury to TODD WEDDLE, a family member of the

defendant's household, by STRIKING TODD WEDDLE ON HIS HEAD WITH

DEFENDANT'S HAND."   (RR, vol. 4, Ex. 8)   The plea documents and

the trial court's "Order of Deferred Adjudication Placement on

Community Supervision," reflects petitioner pleaded guilty,

pursuant to a plea bargain, to the offense of "ASSAULT CAUSES

BODILY INJURY FAMILY VIOLENCE" on June 29, 2006, and was placed

on deferred adjudication community supervision for twelve months.

(*Id.*)

Petitioner claims the evidence is legally insufficient to

support the finding that he had been previously convicted of

assault-family violence in 2006, which is necessary to enhance

his current offense to a felony, absent an affirmative finding of

family violence in the 2006 judgment, as required by article

42.013 of the Texas Code of Criminal Procedure, and in light of

evidence he elicited in a bill of exceptions that Weddle lived

with petitioner's sister and parents in a trailer at the time of

6

the alleged 2005 assault, that Weddle was not married to
petitioner's sister and was not a family member, and that
petitioner was not living in the trailer at the time of the prior
offense.  (*Id.*, vol. 3, at 6-10, 58-61, 144-54)  TEX. CODE CRIM.
PROC. ANN. art. 42.013 (Vernon 2006).[2]

In reviewing the sufficiency of the evidence in the context
of habeas corpus proceedings challenging the judgment of a state
court, a federal court's review is limited to determining
whether, based upon the record evidence adduced at trial, no
rational trier of fact could have found proof of guilt beyond a
reasonable doubt.  *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th
Cir. 1998) (citing *Jackson v. Virginia*, 443 U.S. 307, 324
(1979)).  The court's review of the evidence is conducted in the
light most favorable to the verdict.  *Selvage v. Lynaugh*, 823
F.2d 845, 847 (5th Cir. 1987).

The state appellate court addressed petitioner's claim as

---

[2]Article 42.013 provides:

> In the trial of an offense under Title 5 [entitled
> "Offenses Against the Person"], Penal Code, if the
> court determines that the offense involved family
> violence, as defined by Section 71.004, Family Code,
> *the court shall make an affirmative finding in the*
> *judgment of the case.*

*Id.* (emphasis added).

7

follows:

Appellant challenges the legal sufficiency of the evidence of the jurisdictional enhancement.  That is, Appellant contends that the State failed to prove that he had been convicted previously of assault-family violence.  Because we hold that the evidence of the jurisdictional enhancement is legally sufficient, we affirm the trial court's judgment.

Section 22.01 of the penal code elevates a misdemeanor assault-family violence offense to a third-degree felony if the defendant has a prior conviction for assault-family violence.  Under the statute, a defendant who pled guilty in the prior family violence case and received deferred adjudication is treated as a defendant who has a prior conviction.

Both parties agree that the prior misdemeanor judgment for "ASSAULT CAUSES BODILY INJURY FAMILY VIOLENCE" does not contain a finding of family violence.  Without an affirmative finding of family violence in the prior judgment, to enhance the present offense to a felony, the State was required to prove by extrinsic evidence that the complainant in the prior case was a family member or a member of Appellant's household when the prior offense occurred.  A judicial confession, standing alone, can support a conviction in a case involving a guilty plea.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  [citing *Jackson v. Virginia*, 443 U.S. 307 (1979)]

The trial court admitted, among other evidence, certified copies of the information and Appellant's signed plea memorandum and admonishments regarding the 2005 offense.  The information charged that Appellant "did then and there intentionally and knowingly cause

8

bodily injury to TOOD [sic] WEDDLE, a family member of
[Appellant's] household, by STRIKING TODD WEDDLE ON HIS
HEAD WITH [Appellant's] HAND."  The plea memorandum and
admonishments provide,

9. PLEA:  I hereby declare and state that I have read
the information filed in this case, and to that charge,
I enter my plea of:  GUILTY/NOLO CONTENDERE (mark out
one and initial).  I enter this plea to the Court
voluntarily, of my own free will, and not under any
threat, compulsion of any nature, or delusive hope of
pardon . . . .  I understand that the Court can find me
guilty based on my plea alone.

                                    _____
                                    DEFENDANT

Appellant circled and initialed "GUILTY" in the
paragraph and signed on the line marked "DEFENDANT."

    Appellant also certified by his signature that
"everything in the Plea Memorandum and Admonishment and
the . . . Order Deferring Adjudication is correct and
accurate," and he swore under oath, "I am the Defendant
in this cause.  I have read the foregoing plea
memorandum.  I understand it, and I have had this
document explained to me.  Everything contained herein
is true and correct to the best of my knowledge and
belief and has been voluntarily executed by me."

    In the instant trial, Appellant offered evidence
through a bill of exceptions that the prior conviction
was not one of family violence because the complainant
was not yet Appellant's brother-in-law and he and
Appellant did not live at the same residence when the
incident occurred.  Appellant does not challenge the
exclusion of this evidence on appeal.

    Reviewing the evidence in the light most favorable
to the verdict, we hold that the evidence is legally
sufficient to sustain Appellant's conviction.

(State Habeas R. at 80-84 (citations omitted))

The state court's adjudication of the claim is not unreasonable nor is it contrary to or involve an unreasonable application of *Jackson*.  Official records, such as the complaint, information, plea documents signed by petitioner, his counsel and the state trial judge, and the state trial court's judgment are entitled to the presumption of regularity and are accorded great evidentiary weight.  *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974).  Petitioner has presented no legal authority or evidence to rebut the presumption of regularity of the official state court records pertaining to the 2006 plea proceedings and conviction or the correctness of the state court's adjudication of his claim.  The most common method of proving a prior conviction is through the introduction of certified copies of a judgment and sentence and/or other relevant court documents.  The copy of the complaint, information, plea documents, and the state trial court's order pertaining to petitioner's 2006 conviction were properly admitted into evidence for enhancement purposes through this method. (RR, vol. 3, at 56-64 & vol. 4, Ex. 8)  This documentary evidence was sufficient evidence upon which a rational trier of fact could have found petitioner committed a prior assault involving family violence beyond a reasonable doubt, even though an affirmative finding of family violence was

absent in the judgment.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March _____2_____, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE